# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

```
**************************************************
                                    *
MICHAEL ROBERTS                     *
ANNETTE ROBERTS                     *
                Plaintiffs          *
                                    *    Civil Action No.
VS.                                 *    3:13-cv-00435 (SRU)
                                    *
LIBERTY MUTUAL FIRE INSURANCE COMPANY *  July 17, 2017
                Defendant           *
                                    *
**************************************************
```

## PLAINTIFFS' OBJECTION TO THE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

NOW COME the plaintiffs, Michael Roberts and Annette Roberts, by their attorney, Jeffrey R. Lindequist, Esq., and object to the defendant, Liberty Mutual Fire Insurance Company's, Notice of Supplemental Authority dated July 10, 2017.

### A.    *Tustin Field* Provides no Meaningful Guidance to this Matter.

The defendant offers a recent decision by the California Court of Appeal as instructive on the point of whether a collapse has occurred at the plaintiffs' home.  However, *Tustin Field* offers no instruction in this matter as it was simply applying the different collapse standard found in California law.  While *Tustin Field* appears to analyze a similar collapse provision to that found in the policy at issue in this matter, it does not negate the applicability of *Beach* as suggested by the defendant.

In *Beach*, the policy provided that "[t]his policy does not insure against loss ... [u]nder Coverages A and B ... 1. by ... settling, cracking, shrinkage, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings ... unless ... collapse of a building ... not

otherwise excluded ensues, then this policy shall cover only such ensuing loss." *Beach v. Middlesex Mut. Ass. Co.,* 205 Conn. 246, 250 (1987). Of course, *Beach* then found that because the term "collapse" was not defined by the policy it was ambiguous and should be construed to provide coverage for "*any* substantial impairment of the structural integrity of a building." *Id.* at 252. The policy language at issue in this matter is slightly different, however, this Honorable Court has addressed this difference and reasoned that "[l]ike the contract language at issue in the *Beach* case, the Bacewiczes' policy excludes "settling, cracking, shrinking, bulging, or expansion" from its definition of 'collapse.'" *Bacewicz v. NGM Ins. Co.,* 2010 WL 3023882, *6 (D. Conn. 2010). This Honorable Court suggested that it is not the presence of a crack or a bulge that makes for a "collapse," but rather culmination of a covered peril resulting in a substantial impairment of the structural integrity of the insured building that is treated as a "collapse." *Id.*

The defendant offers *Tustin Field* to suggest that *Bacewicz* was incorrectly reasoned, however, a careful review of *Tustin Field* makes plain that California law with respect to collapse coverage is simply at odds with Connecticut law. *Tustin Field* simply applies California precedent, found in *Doheny West,* which held that substantial impairment is not sufficient for collapse coverage, but that collapse must be "actual or imminent." *Doheny West Homeowner's Ass'n v. American Guarantee & Liability Ins. Co.,* 60 Cal.App.4th 400, 406 (Cal. Ct. App. 1997). In reaching this conclusion, *Doheny West* analyzed a prior California Supreme Court case which interpreted a policy provision similar to that found in *Beach.* In *Sabella*, the California Supreme Court was faced with a policy provision that that excluded coverage for "settling, cracking, shrinkage, or expansion of pavements, foundations, walls, floors, or ceilings; [unless collapse ensues]." *Sabella v. Wisler,* 59 Cal.2d. 21, 26 (Cal. 1963). *Sabella* determined that no "collapse" occurred because the home remained usable and continued to be occupied. *Id.* As a

result, it appears that *Tustin Field* correctly determined that under California law substantial impairment to structural integrity does not constitute a collapse as a matter of law. *Tustin Field Gas & Food, Inc. v. Mid-Century Ins. Co.,* 2017 WL 283913, * 4 (Cal. Ct. App. 2017) *citing Doheny West Homeowner's Ass'n v. American Guarantee & Liability Ins. Co.,* 60 Cal.App.4th 400, 405-406 (Cal. Ct. App. 1997).

      *Tustin Field* and its predecessors are of little consequence to the analysis of this matter as it is Connecticut law that applies to this controversy, not California law. *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427 (1996). Connecticut law is clear that where the term "collapse" is undefined by an insurance policy, a collapse occurs where there has been "*any* substantial impairment of the structural integrity of a building." *Beach v. Middlesex Mut. Ass. Co.,* 205 Conn. 246, 252 (1987). The defendant's reference to *Tustin Field* is similar to its reliance on *Queen Anne Park* in that the defendant again attempts to have this Honorable Court adopt foreign law in preference over Connecticut law. This Honorable Court has rebuked these attempts before and should continue to do so. *Belz v. Peerless Ins. Co.,* 204 F.Supp.3d 457, 464 (D. Conn. 2016)("The Court finds no reason to adopt Washington State Law when the standard in Connecticut is relatively clear…"); *see also Metsack v. Liberty Mut. Fire Ins. Co.,* 2017 WL 706599, * 5 (D. Conn. 2017).

      **B.**    **The Defendant's Arguments with Respect to Mr. Grandpré are Misguided.**

      The defendant suggests that because the term "substantial impairment of structural integrity" is not an engineering term of art and that reasonable engineers could disagree we must sweep away Connecticut law. The Connecticut Supreme Court supplied a standard for collapse – substantial impairment of structural integrity – and left it to the factfinder to determine what structural conditions meet that standard. *Beach v. Middlesex Mut. Ass. Co.,* 205 Conn. 246, 253

(1987); *Sansone v. Nationwide Mut. Fire Ins. Co.,* 47 Conn. Supp. 35, 41 (Conn. Super. 1999) *aff'd,* 62 Conn. App. 526 (2001).  As a result, engineers and other qualified professionals must analyze the structural integrity of the home to determine whether there has been a substantial impairment and explain their findings to the jury.  Mr. Grandpré is not a proxy for counsel, he is a competent and qualified professional tasked with analyzing structures under the standard provided for by the applicable law.

The defendant says that this is how cases should be decided.  Respectfully, the Connecticut Supreme Court disagrees.  The law does not provide remedies in only those cases where experts agree.  The law does not deny a patient injured by a physician's negligence recovery simply because reasonable doctors disagree about the standard of care.  The law provides a forum where disputes are resolved by impartial factfinders who analyze disparate expert testimony and determine the just outcome.  Cases involving the impairment of a building's structural integrity are no different.  The defendant should not be permitted to deny its customers the benefits of the insurance they purchased simply because it feels that the Connecticut Supreme Court was inarticulate or because it wishes that the Connecticut Supreme Court did not leave these issues to the fact finder.

> **PLAINTIFFS,**
> **MICHAEL ROBERTS and**
> **ANNETTE ROBERTS**
>
> By: */s/ Jeffrey R. Lindequist, Esq.*
> Jeffrey R. Lindequist, Esq.
> One Monarch Place, Suite 2220
> Springfield, MA 01144
> (413) 736-4101 – *Telephone*
> (413) 736-4582 – *Facsimile*
> Jlindequist@mdparkerlaw.com
> Federal Bar #ct29425

## CERTIFICATE OF SERVICE

I hereby certify that on **July 17, 2017,** a copy of the foregoing **Plaintiffs' Objection to the Defendant's Notice of Supplemental Authority** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jeffrey R. Lindequist, Esq.*